STATE OF NEBRASKA, APPELLEE, v. ELWIN M. FENDER, APPELLANT.

158 N. W. 2d 222

Filed April 19, 1968.   No. 36701.

A. Q. Wolf and Lynn R. Carey, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

The defendant, Elwin M. Fender, was found guilty of the crime of burglary by a jury. He was sentenced to a term of 6 years, and has appealed.

The first issue involved is the defendant's contention that the evidence is insufficient to support the verdict because it did not establish criminal intent except from conjecture. This contention rests on the defendant's own testimony. The defendant admitted his participation in the burglary. He testified, however, that he was forced to participate by one of the other men involved who threatened him with death at gun point. He also asserts that the testimony of the officers who arrested the other man and found a 22-caliber tear gas pistol on his person corroborates the defendant's testimony. However, an eyewitness observed virtually all the action from his home directly across the street. The testimony of that witness did, to say the least, contradict the defendant's claim that he was forced to participate. The court specifically and correctly instructed the jury on the defendant's claim of participation under duress or compulsion and no complaint is made here as to the instruction.

This court, in a criminal action, will not interfere with a verdict of guilty based upon conflicting evidence unless it is so lacking in probative force that, as a matter of law, it is insufficient to support a finding of guilt beyond a reasonable doubt. State v. Eberhardt, 179 Neb. 843, 140 N. W. 2d 802.

Defendant's remaining assignment of error is directed at in-court identification of the defendant, which he contends resulted solely from an in-custody lineup without a showing that he had counsel. He relies upon United

States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149.

An eyewitness who had watched the activities in connection with the burglary while it was in progress, made an in-court identification of the defendant. The time span for his independent observation was somewhat indefinite, but covered at least 10 minutes. The store being burglarized was completely lighted inside. There was also a floodlight in front at the corner of the building, and there was a streetlight across the street. The lineup identification was made 45 minutes to an hour after the commission of the crime.

It is evident that no post-indictment lineup was involved. On the evidence here, even if the rules of Wade applied, there would be issues of whether the in-court identification had an independent source, or whether the introduction of the additional lineup identification was harmless error. In any event, Wade was applied prospectively only and was effective June 12, 1967. The case at bar was tried before that date and Wade was not applicable. See Stovall v. Denno, 388 U. S. 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199.

The judgment is affirmed.

AFFIRMED.